MATTER OF LAMBETH PRODUCTIONS

In Visa Petition Proceedings

NYC-N-18805

*Decided by Regional Commissioner January 4, 1966*

Beneficiaries, members of a British theatrical group—8 members of which participated in a theatrical tour of American colleges and universities ending in 1965—whose services are desired for a period of 6 months to perform at Douglass College in New Jersey and at St. Marks Playhouse in New York City, are ineligible for nonimmigrant classification under section 101(a) (15)(H)(i), Immigration and Nationality Act, since it has not been established that these aliens, either individually or as a group, have achieved sufficient prominence in the acting field or received favorable acclaim by recognized theatrical experts who have actually witnessed their performances; their competent presentations on college campuses are inadequate to establish they are actors of distinguished merit and ability and the services to be performed by them are not of an exceptional nature requiring such merit and ability; further, the opinion of the relating organization or association described the beneficiaries as young amateurs who have not appeared professionally and decidedly are not of distinguished merit and ability.

This matter is before the Regional Commissioner on appeal from the denial of the visa petition to classify the benficiaries as non-immigrants under section 101(a)(15)(H)(i) of the Immigration and Nationality Act.

The thirteen individuals in whose behalf the instant petition has been filed are members of a British theatrical group who entered the United States on November 17, 1965 as temporary visitors for business. The petition states that their services are sought for a period of six months at a salary of $65 each per week plus $15 for expenses. They are to perform at Douglass College in New Brunswick, New Jersey and at St. Marks Playhouse in New York City. In support of this petition, there have been furnished eleven undated newspaper items relating to the performances of a predecessor troupe, Theatre Group 20, in which eight members of the present company participated in a theatrical tour of American colleges and universities which

terminated in the spring of 1965. The articles reflect that the cast's repertoire of English plays, highlighted by John Gay's "The Beggar's Opera", received laudatory reviews on the basis of these school performances. It has been asserted that the character and technique of that group, exemplifying the approach to modern theater stressed by Drama Centre, London, have been retained by the present company.

In connection with the instant appeal, there have been submitted statements from various college representatives, theatrical personages and other individuals attesting to the artistic ability, dedication and professional quality of the group and urging that they be permitted to perform in the United States.

Careful consideration has been accorded this matter in the light of the representations made on appeal. The evidence of record reflects generally that the beneficiaries are serious young performers who are deemed to be worthy of support and encouragement because of their enthusiastic dedication to the theater and their unique approach to acting. However, their competent presentations on college campuses are hardly adequate to establish that they are actors of distinguished merit and ability. It has not been substantiated that these aliens—either individually or as a group—have achieved sufficient prominence in the acting field or received favorable acclaim by recognized theatrical experts who have actually witnessed their performances. In this connection, it is noted that Actors' Equity Association, an organization which is knowledgeable in matters relating to legitimate theater productions, has described the beneficiaries as young amateurs who have not appeared professionally and who are decidedly not of distinguished merit and ability. Further, we find it has not been substantiated that the services to be performed by these beneficiaries are of an exceptional nature requiring such merit and ability.

In view of the foregoing, it is concluded the petitioner has failed to satisfactorily establish that the aliens are entitled to H-1 classification. In the absence of a clearance order from the United States Employment Service, consideration cannot be given to their eligibility for nonimmigrant classification under section 101(a)(15)(H)(ii) of the Act. This appeal, therefore, will be dismissed.

ORDER: It is ordered that the appeal be and same is hereby dismissed.